**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **JAMES PATRICK WAGNER,** | * | **CIVIL ACTION** |
| **Individually and on Behalf of Others** | | |
| **Similarly Situated,** | | |
| | * | **NO. 2:19-cv-822** |
| **Plaintiffs,** | | |
| | * | **JUDGE SHELLY D. DICK** |
| **v.** | | |
| | * | **MAGISTRATE ERIN WILDER-DOOMES** |
| **PLEXOS GROUP, LLC,** | | |
| | * | |
| **Defendant.** | | |

\*　　\*　　\*　　\*　　\*　　\*　　\*

**ANSWER AND DEFENSES**

**NOW COMES** Defendant, Plexos Group, LLC, and responds to the Collective Action Complaint of Plaintiff, James Patrick Wagner as follows:

**DEFENSES**

Plexos hereby asserts the following affirmative and other defenses, but does not assume any burden of production or proof unless required by law:

FIRST DEFENSE

Plexos was not obligated to pay Wagner any amount for the hours he worked over 40 in a workweek because he was exempt from the overtime requirements of the Fair Labor Standards Act ("FLSA").

SECOND DEFENSE

Plexos does not have a practice, policy, or plan of paying hourly employees straight-time-for-overtime.

1

THIRD DEFENSE

Plexos' payments to Wagner and the putative collective action members did not violate the FLSA.

FOURTH DEFENSE

Wagner is not similarly situated to the non-exempt hourly employees he seeks to represent.

FIFTH DEFENSE

The Court should not certify Wagner's claims as a collective action because common questions of fact and law are lacking and the Court will need to make an individualized analysis of facts for each putative collective action member.

SIXTH DEFENSE

Wagner's claim is not amenable to collective action treatment because he is not an adequate representative of, or similarly situated to, the other employees he purports to represent.

SEVENTH DEFENSE

The statute of limitations on Wagner's claims, and those of the putative collective action members he seeks to represent, cannot be longer than two years under 29 U.S.C. § 255(a) because Plexos did not willfully violate the FLSA and reasonably believed its pay practices complied with the law.

EIGHTH DEFENSE

Plexos has compensated Wagner and all of the putative collective action members he seeks to represent all amounts due and owing to them.  Thus, their claims are barred by payment.

NINTH DEFENSE

If it is determined that Wagner is entitled to unpaid overtime pursuant to the FLSA, which Plexos denies, Plexos alleges that the laws, applicable administrative regulations, orders, rulings,

2

approvals, or interpretations, are so vague that it would violate Plexos' due process rights to impose penalties on it for alleged violation of those laws or regulations.

### TENTH DEFENSE

Wagner's claims are barred, in whole or in part, because all of Plexos' actions were taken in good faith and in conformity with, and reliance upon, written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement guidance issued by the Wage and Hour Division of the United States Department of Labor.

### ELEVENTH DEFENSE

Wagner may not recover both prejudgment interest and liquidated damages under the FLSA.

### TWELFTH DEFENSE

Plexos is not liable for liquidated damages because it has, at all times, acted reasonably, in good faith, and with the understanding that its pay practices complied with the FLSA.

### THIRTEENTH DEFENSE

Plexos is entitled to all just and lawful offsets and credits against damages owed, including but not limited to credit for paid time.

### FOURTEENTH DEFENSE

Plexos affirmatively pleads all defenses available and/or applicable to it under the FLSA, including all controlling legal authority interpreting the statute.

### FIFTEENTH DEFENSE

Wagner is not entitled to the unspecified damages he seeks to recover under the FLSA.

3

<u>SIXTEENTH DEFENSE</u>

To the extent applicable, Plexos asserts the defenses of estoppel, release, laches, unclean hands, and/or waiver with respect to Wagner's claims and those of the putative collective action members he seeks to represent.

Plexos specifically reserves the right to file and assert any and all additional affirmative defenses and/or avoidances which may be applicable during the course of this litigation.

## **ANSWER**

**AND NOW,** further answering the specific allegations of the Complaint, Plexos avers:

1.

Plexos denies the allegations in Paragraph 1 of the Complaint.

2.

Plexos denies the allegations in Paragraph 2 of the Complaint.

3.

Plexos denies the allegations in Paragraph 3 of the Complaint.  Plexos does not have a policy, practice, or plan of paying its non-exempt employees straight-time-for-overtime.

4.

Plexos denies the allegations in Paragraph 4 of the Complaint, except to admit that Wagner seeks to recover unpaid overtime and damages on behalf of himself and others.

5.

Plexos admits that the Court has original jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6.

Plexos admits venue is proper in this Court.

7.

Plexos denies the allegations contained in Paragraph 7 of the Complaint, except to admit that Wagner worked for Plexos at times in 2017 and 2018.

8.

Plexos denies the allegations contained in Paragraph 8 of the Complaint.

9.

Plexos admits the allegations contained in Paragraph 8 of the Complaint.

10.

Plexos denies the allegations in Paragraph 10 of the Complaint, except to admit that Wagner seeks to bring a collective action on behalf of himself and others.

11.

Plexos admits that Wagner seeks to bring an FLSA collective action, but denies that collective action is appropriate in this case. Moreover, Wagner's proposed class definition is overbroad and unmanageable and Wagner is not an adequate representative of the collective group of employees he seeks to represent.

12.

Plexos admits the allegations contained in Paragraph 12 of the Complaint.

5

13.

Plexos admits the allegations contained in Paragraph 13 of the Complaint.

14.

Plexos admits the allegations contained in Paragraph 14 of the Complaint.

15.

Plexos admits the allegations contained in Paragraph 15 of the Complaint.

16.

Plexos admits the allegations contained in Paragraph 16 of the Complaint

17.

Plexos admits the allegations contained in Paragraph 17 of the Complaint.

18.

Plexos admits the allegations contained in Paragraph 18 of the Complaint.

19.

Plexos admits the allegations contained in Paragraph 19 of the Complaint.

20.

Plexos denies the allegations contained in Paragraph 20 of the Complaint.

21.

Plexos denies the allegations contained in Paragraph 21 of the Complaint.

22.

Plexos admits the allegations contained in Paragraph 22 of the Complaint.

23.

Plexos denies the allegations contained in Paragraph 23 of the Complaint, except to admit that Wagner and other employees perform various disaster recovery related services for Plexos.

24.

Plexos denies the allegations contained in Paragraph 24 of the Complaint, except to admit that at times, Wagner worked more than 40 hours a week.

25.

Plexos denies the allegations contained in Paragraph 25 of the Complaint.

26.

Plexos denies the allegations contained in Paragraph 26 of the Complaint.

27.

Plexos denies the allegations contained in Paragraph 27 of the Complaint, except to admit that Wagner went to work for Plexos in the U.S. Virgin Islands in February 2018.

28.

Plexos denies the allegations contained in Paragraph 28 of the Complaint.

29.

Plexos admits the allegations contained in Paragraph 29 of the Complaint.

30.

Plexos denies the allegations contained in Paragraph 30 of the Complaint.

31.

Plexos denies the allegations contained in Paragraph 31 of the Complaint.

32.

Plexos denies the allegations contained in Paragraph 32 of the Complaint, except to admit that Wagner's offer letter, which speaks for itself and is the best evidence of its content, mistakenly stated that he was hourly and non-exempt when he was not.

33.

Plexos denies the allegations contained in Paragraph 33 of the Complaint.

34.

Plexos denies the allegations contained in Paragraph 34 of the Complaint.

35.

Plexos denies the allegations contained in Paragraph 35 of the Complaint.

36.

Plexos denies the allegations contained in Paragraph 36 of the Complaint.

37.

Plexos denies the allegations contained in Paragraph 37 of the Complaint.

38.

Plexos denies the allegations contained in Paragraph 38 of the Complaint.

39.

In response to the allegations contained in Paragraph 39 of the Complaint, Plexos incorporates by reference the responses to Paragraphs 1-38 of the Complaint above as if fully contained therein.

40.

Plexos denies the allegations contained in Paragraph 41 of the Complaint.

41.

Plexos denies the allegations contained in Paragraph 42 of the Complaint.

42.

Plexos denies the allegations contained in Paragraph 42 of the Complaint.

43.

Plexos denies the allegations contained in Paragraph 43 of the Complaint.

44.

Plexos denies the allegations contained in Paragraph 44 of the Complaint.

45.

In response to the allegations contained in Paragraph 45 of the Complaint, Plexos incorporates by reference the responses to Paragraphs 1-44 of the Complaint above as if fully contained therein.

46.

Plexos denies the allegations contained in Paragraph 46 of the Complaint.

47.

Plexos denies the allegations contained in Paragraph 47 of the Complaint.

48.

Plexos denies the allegations contained in Paragraph 48 of the Complaint.

49.

Plexos denies the allegations contained in Paragraph 49 of the Complaint.

50.

Plexos denies the allegations contained in Paragraph 50 of the Complaint.

51.

Plexos denies the allegations contained in Paragraph 51 of the Complaint.

52.

Plexos denies the allegations contained in Paragraph 52 of the Complaint.

53.

Plexos denies the allegations contained in Paragraph 53 of the Complaint.

54.

Plexos denies the allegations contained in Paragraph 54 of the Complaint.

55.

Plexos denies the allegations contained in Paragraph 55 of the Complaint.

56.

Plexos denies the allegations contained in Paragraph 56 of the Complaint.

57.

Plexos denies the allegations contained in Paragraph 57 of the Complaint.

58.

Plexos denies the allegations contained in Paragraph 58 of the Complaint.

59.

Plexos denies the allegations contained in Paragraph 59 of the Complaint.

60.

Plexos denies the allegations contained in Paragraph 60 of the Complaint.

61.

Plexos denies the allegations contained in Paragraph 61 of the Complaint.

62.

Plexos denies the allegations in Plaintiff's prayer for relief and any unnumbered or misnumbered portions of the Complaint.

63.

Plexos denies each and every allegation contained in the Complaint not specifically admitted herein.

Plexos reserves the right to supplement and amend its Answer and Affirmative Defenses to Plaintiff's Complaint to assert any such additional defenses or claims against Plaintiff as may become apparent over the course of this litigation.

**WHEREFORE,** Plexos prays:

1.    That the above answer be deemed good and sufficient and, after due proceedings are had therein, there be judgment in favor of Plexos and against Wagner, rejecting all of his demands and dismissing his Complaint with prejudice, at his sole cost; and

2.    For such other and further relief to which it may be entitled in law and in equity.

Respectfully submitted,

**ADAMS AND REESE LLP**

*/s/ Elizabeth A. Roussel*
Elizabeth A. Roussel (La. Bar No. 27943)
J. Hope Del Rio (La. Bar No. 38186)
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone:    (504) 581-3234
Facsimile:    (504) 566-0210
liz.roussel@arlaw.com
hope.delrio@arlaw.com
***Attorneys for Defendant, Plexos Group, L.L.C.***

11

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of January, 2020, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel for all parties by operation of the court's electronic filing system.

*s/ Elizabeth A. Roussel*