UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JAMES PATRICK WAGNER, ET AL            CIVIL ACTION

VERSUS            19-822-SDD-EWD

PLEXOS GROUP, L.L.C.

## RULING

This matter is before the Court on the *Motion for Conditional Certification and Authorization* filed by James Wagner ("Wagner"), Joseph Belcourt ("Belcourt"), Christine Sistad Belcourt ("Sistad"), Timothy Parker ("Parker"), Gregory Tauzier ("Tauzier"), and Jess Ross ("Ross") (collectively, "Plaintiffs").[1] Defendant Plexos Group, LLC ("Plexos" or "Defendant") filed a *Memorandum in Opposition*,[2] to which Plaintiffs filed a *Reply*.[3] For the reasons that follow, Plaintiffs' *Motion for Conditional Certification* shall be GRANTED.

**I.    BACKGROUND**

Wagner performed work for Plexos from approximately November 2017 until June 2018 in various positions.[4] On February 8, 2018, Wagner was sent an offer letter by Defendant to work on a project in the U.S. Virgin Islands, which stated that "he would be classified as non-exempt; and would be paid $55 per hour."[5] Defendant then began paying Wagner a static amount of $4,400 bi-weekly and an additional $55 per hour for all hours worked per week that exceeded 40 hours.[6] On April 10, 2018, Wagner sent an email to Tenesha Williams (Williams), an Office Manager for Defendant, asking about his

---

[1] Rec. Doc. 19.
[2] Rec. Doc. 31.
[3] Rec. Doc. 37.
[4] Rec. Doc. 1 p. 2.
[5] Rec. Doc. 31 p. 2.
[6] *Id.*

overtime pay that he alleges was owed to him.[7] Subsequently, on April 12, 2018, Wagner referenced the offer letter in another email to Williams to note that he was "non-exempt" and thus should be receiving overtime pay.[8] Williams responded on April 17, 2018, that the offer letter sent to Wagner was incorrect when it classified him as non-exempt; rather, the appropriate pay was a $4,400 bi-weekly salary and $55 per hour on straight-time-for-overtime pay model, which he was already receiving.[9] Under this classification, employees would be paid a salary and straight-time hourly rate for any hours worked over 40 hours per week; employees did not receive time-and-a-half overtime pay.[10]

Wagner filed suit on November 26, 2019, alleging that Defendant's straight-time-for-overtime pay plan violates the Fair Labor Standards Act[11] (FLSA) by denying hourly non-exempt employees a pay rate of one-and-one-half times their rate for hours worked exceeding 40 hours per week.[12] Also, on the same date, four other employees opted into the suit by filing notices of consent.[13] Later, on March 6, 2020, Ross also submitted a notice to opt into the suit.[14] On January 29, 2020, Plaintiffs filed a *Motion for Conditional Certification and Court-Authorized Notice.*[15] The Court now turns to Plaintiffs' *Motion*.

## II.  LAW

### A. Conditional Certification Under the FLSA

The FLSA provides that employees who are deemed nonexempt that have been denied overtime at a rate of one-and-a-half times their hourly rate can bring a collective

---

[7] Rec. Doc. 31 p. 2.
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] 29 U.S.C. § 201-19 (2020).
[12] Rec. Doc. 1.
[13] Rec. Doc. 2.
[14] Rec. Doc. 24.
[15] Rec. Doc. 19.

action against their employer for this violation.[16] To bring this action against the employer, the employees must be "similarly situated," and employees must consent to opt-in the suit filed by the original plaintiff.[17] The Fifth Circuit in *Mooney* approved two approaches for determining whether a motion for conditional certification should be granted.[18]

First is the *Lusardi* approach,[19] which employs a two-stage analysis.[20] The first stage is the notice stage, where the decision to certify is determined by looking at only the pleadings and any affidavits submitted by the parties; the standard applied is a lenient one and typically results in conditional certification.[21] At this stage, the plaintiff bears the burden of proving that the putative class members are "similarly situated," which can be done by either (1) showing that the class members held a similar job position and duties, or (2) presenting "substantial allegations" that the plaintiff and class members were "all subject to the same unified policy, plan, or scheme, that forms the basis of the alleged FLSA violation."[22] If the court decides to conditionally certify, then after or near the end of discovery, the defendant can move to decertify; if granted, the original plaintiff will proceed alone, and opt-in plaintiffs will be dismissed without prejudice.[23] At this second stage, the merits are considered since there is more information upon which the court can base its decision as to whether the alleged putative class members are actually representative of a common class because they are similarly situated.[24]

---

[16] 29 U.S.C. § 207 (2020).
[17] 29 U.S.C. § 216(b) (2020).
[18] *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1213 (5th Cir. 1995).
[19] *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987).
[20] *Mooney*, at 1213.
[21] *Id.* at 1213-14.
[22] *Mareina-Rivera v. Langston Constr., LLC*, 2017 WL 2778346 at *2 (M.D. La. 2017).
[23] *Mooney*, at 1214.
[24] *Mareina-Rivera*, at *3.

The second approach, known as the *Shusan* approach, is merely a restatement of a class action from FED. R. CIV. P. 23 and thus requires a showing of numerosity, commonality, typicality, and adequacy of representation to certify a class.[25] While the Fifth Circuit does not specifically require the application of either method, most jurisprudence in this Circuit applies the *Lusardi* approach, as do the parties in the present case.[26] Thus, the Court shall analyze Plaintiffs' *Motion* under the *Lusardi* two-stage process.[27]

The present case is amidst the first stage of the *Lusardi* process, where Plaintiffs have the burden of demonstrating "substantial allegations" that the putative class members were the victims of a single decision, policy, or plan.[28] Plaintiffs seek conditional certification and authorization to send notice to "[a]ll Plexos employees who were paid straight-time-for-overtime in the past 3 years."[29] Plaintiffs argue that "Wagner's Complaint provides substantial allegations that Wagner and other "Straight-Time-for-Overtime Workers" (1) regularly worked over 40 hours per week; and (2) were subjected to the Plexos 'straight time for overtime' pay policy."[30] Plaintiffs support their allegations with individual declarations in which various Plaintiffs attest that:

---

[25] *Mooney*, at 1214.
[26] *Badgett v. Texas Taco Cabana, L.P.*, 2006 WL 2934265 (S.D. Tex. 2006); *Salinas v. Wood Grp. PSN Commissioning Servs., Inc.*, 2017 WL 6596619 (S.D. Tex. 2017); *Wellman v. Grand Isle Shipyard, LLC.*, 2014 WL 5810529 (E.D. La. 2014); *Leja v. Brousseau Mgmt. Co., L.L.C.*, 2020 WL 1330357 (M.D. La. 2020).
[27] The Court here notes Defendant's argument that a different test under *Lusardi* should be used to certify a class at the notice stage: (1) whether the plaintiff has demonstrated a reasonable basis for believing that aggrieved individuals exist; (2) whether those aggrieved individuals are similarly situated to the plaintiff; and (3) whether those individuals desire to opt-in to the lawsuit. First, as a preliminary matter, the Fifth Circuit Court of Appeals has rejected the third requirement of Defendant's test, stating that "plaintiffs seeking conditional certification need not identify other hypothetical collective action members." *Jones v JGC Dallas LLC*, 2012 WL 6928101 at *4 (N.D. Tex. 2012); *Vargas v. Richardson Trident Co.*, 2010 WL 730155 at *6 (S.D. Tex. 2010). Second, the Court's conclusion remains unchanged even if Defendant's third factor is added to the *Lusardi* test.
[28] *Mooney*, 54 F.3d at 1214 n.8.
[29] Rec. Doc. 19-1.
[30] Rec. Doc. 19-1 p. 8.

- Plexos paid Wagner and the Straight-Time-for-Overtime Workers the same hourly rate for all hours worked regardless of the number of hours they worked.
- Plexos failed to pay Wagner and the Straight-Time-for-Overtime Workers overtime compensation at the proper premium rate (1 ½ times their regular rate).
- Plexos did not pay Wagner and the Straight-Time-for-Overtime Workers a guaranteed salary.
- Wagner and the Straight-Time-for-Overtime Workers regularly worked overtime.
- Wagner and the Straight-Time-for-Overtime Workers typically worked 80 to 90 hours a workweek.
- Plexos maintained a class-wide common policy of not paying its hourly employees overtime regardless of individualized factors, such as location, job position and supervisor.[31]

Defendant contends that Plaintiffs' *Motion* should be denied because (1) Plaintiffs failed to meet their burden of demonstrating a policy, plan, or decision that was improper; (2) Wagner is not a proper representative of the putative class he seeks to represent; and (3) the claims and defenses in this case are not amenable to resolution based on common proof.[32] In the alternative, Defendant argues that the collective action should be limited to only employees that Plexos classified as exempt, who performed the same Lead Inspector or Embedded Contractor Lead job duties as Wagner specifically for the EHRVI Program.[33]

In the initial stage of the *Lusardi* approach, "[t]he court does not make merits determinations, weigh evidence, determine credibility, or specifically consider opposing evidence presented by a defendant."[34] Defendant's argument that "[t]here is nothing

---

[31] Rec. Doc. 19-1 p. 8-9.
[32] Rec. Doc. 31 p. 12.
[33] *Id.*
[34] *Nieddu v. Lifetime Fitness, Inc.*, 977 F.Supp. 2d 686, 690 (S.D. Tex. 2013).

inherently unlawful about paying employees straight-time-for-overtime"[35] strikes at the merits of Plaintiffs' claims and thus shall not be considered by the Court at this procedural posture. Defendant's argument that Wagner is not a proper class representative also goes beyond the scope of conditional certification, as does Defendant's argument that the putative class should be narrowed.[36] Indeed, all that is required for the Court to grant conditional certification are "substantial allegations" that the putative class members were the victims of a single decision, policy, or plan,[37] and Plaintiffs have so alleged. According to the allegations contained in the Complaint, the putative class members all contend that as a matter of company policy they were all paid straight time for overtime work, which Plaintiffs allege was a violation of the FLSA.[38] Though Defendant's arguments may present germane issues on the merits, they are premature for the Court's determination on conditional certification. Consequently, Plaintiffs *Motion for Conditional Certification* shall be GRANTED.

### B. Notice Requested

Plaintiffs request notice in the form of first class mail, email, and text message, in addition to a follow-up call if mail or email messages return undelivered.[39] The notice scripts that Plaintiffs seek approval for are submitted with Plaintiffs' *Motion*.[40] Plaintiffs also request an opt-in period of 60 days. Defendant contends that (1) it should be allowed to coordinate the drafting of the notice with Plaintiffs, (2) the opt-in period should be limited

---

[35] Rec. Doc. 31 p. 16.
[36] *See Id.*
[37] *Mooney*, 54 F.3d at 1214 n.8.
[38] Rec. Doc. 1 ¶¶ 1-4.
[39] Rec. Doc. 19-1 p. 10-11.
[40] Rec. Doc. 19-6.

61787                                                                                                                6

to 30 days, and (3) follow-up calls should only be permitted when both mail and e-mail delivery are unsuccessful.

First, Defendant's request for an opportunity to coordinate the drafting of notice shall be granted. Though Plaintiffs allege that Defendant has had ample opportunity to confer with Plaintiffs regarding the notice script, Plaintiffs do not provide enough facts for the Court to determine whether Defendant had a sufficient opportunity to confer. Because "courts often instruct the parties to confer and submit a joint proposed notice to the court for approval,"[41] the Court shall do the same in the present case.

Second, the Court finds that Plaintiff's requested opt-in period of 60 days is suitable. Longer opt-in periods have been ordered by courts based upon the location of putative class members.[42] Here, putative class members may be located outside of the continental United States, such as in the U.S. Virgin Islands, which warrants an extended opt-in period.[43] Further, unforeseen difficulties presented by COVID-19 may create barriers to communication with putative class members. In light of the geographic dispersal of putative class members, and considering the circumstances presented by the global COVID-19 pandemic, the Court finds that Plaintiff's request for a 60-day opt-in period is appropriate.

---

[41] *Green v. Plantation of La., LLC*, 2010 WL 5256354 at *13 (W.D. La. 2010) (citing *Suarez v. S & A Painting and Renovation Corp.*, 2008 WL 5054201, *3 (E.D.N.Y.2008); *Davis v. Abercrombie & Fitch Co.*, 2008 WL 4702840, * 12 (S.D.N.Y.2008); *Frederick v. Dreiser Loop Supermarket Corp.*, 2008 WL 4724721, *2 (N.D.N.Y.2008); *Chowdhury v. Duane Reade, Inc.*, 2007 WL 2873929, *6 (S.D.N.Y.2007)).

[42] *Lima v. Int'l Catastrophe Solutions, Inc.*, 493 F.Supp. 2d. 793, 804 (E.D. La. 2007) ("Longer opt-in periods have been granted in cases where potential plaintiffs are hard to contact due to their migration or dispersal.") (quoting *Roebuck v. Hudson Valley Farms*, 239 F. Supp. 2d 234, 240–42 (N.D.N.Y. 2002) (allowing for an opt-in period of nine months largely due to fact that potential plaintiffs had or were likely to have migrated to other places within North America and other continents)). *See also Marshall v. Louisiana*, 2016 WL 279003 at *12 (E.D. La. 2016).

[43] *See Jones v. Cretic Energy Servs., LLC*, 149 F.Supp. 3d 761, 776 (S.D. Tex. 2015).

Third, in their *Reply*, Plaintiffs do not oppose Defendant's argument that the follow-up phone call proposed by Plaintiffs should only be permitted when both mail and e-mail communication are delivered. Therefore, the Court shall grant Defendant's request as to this issue.

## III.    CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the *Motion for Conditional Certification*[44] filed by Plaintiffs is GRANTED. Notice shall be sent to: "All Plexos employees who were paid straight-time-for-overtime in the past 3 years."[45]

**IT IS FURTHER ORDERED** that the Parties shall confer regarding the form and content of the proposed notice as set forth above.

**IT IS FURTHER ORDERED** that the Parties submit a joint Motion for approval and joint proposed notice within 15 days of the date of this *Ruling*. If the Parties are unable to agree on a proposed notice, the Parties shall separately submit (1) their proposed notice and (2) their objections, with supporting authority, to the opposing party's notice and/or consent form, within 15 days of this *Ruling*, and request an expedited status conference on the matter.

---

[44] Rec. Doc. 19.
[45] Rec. Doc. 19-1 p. 1.

**IT IS FURTHER ORDERED** that the opt-in period for putative class members shall be 60 days from the date that a final notice is approved by this Court.

Baton Rouge, Louisiana this 24TH day of September, 2020.

_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**