UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES PATRICK WAGNER, ET AL.   CIVIL ACTION

VERSUS   19-822-SDD-EWD

PLEXOS GROUP, L.L.C.

## ORDER

Before the Court is the Parties' Joint *Consent Motion for Approval of Confidential Settlement and Release*[1].

The Parties jointly seek Court approval of a Settlement Agreement reached in this FLSA case, which has been filed into the record under seal at Rec. Doc. 59. The FLSA provides that "any employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee ... affected in the amount of unpaid wages, or their unpaid overtime compensation, as the case may be...." 29 U.S.C. § 216(b). FLSA claims may be compromised after the court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor,* 679 F.2d 1350, 1353 (11th Cir.1982).[1] If the settlement reflects "a reasonable compromise over issues," the court may approve it. *Id.* at 1354. *Prater v. Commerce Equities Mgmt. Co., Inc.*, 2008 WL 5140045, at *2 (S.D.Tex.,2008).

---

[1] Rec. Doc. 60.

The Court requires additional submittals and briefing from the Parties on 2 matters: (1) the reasonableness of the attorney fee award requested and (2) the propriety of sealing the settlement agreement.

I. **Attorney's Fees Standard**

The FLSA provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) Fee awards are mandatory for prevailing plaintiffs in FLSA cases. *See Kreager v. Solomon & Flanagan P.A.,* 775 F.2d 1541 (11th Cir.1985). Having reached a settlement agreement, the Plaintiffs are prevailing parties. For the purposes of an attorneys' fee award a prevailing party is one who has "succeeded on any significant claim affording it some of the relief sought." *Tex. State Teachers Ass'n v. Garland Indp. Sch. Dist.,* 489 U.S. 782, 791, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989). This includes a party who benefits from a settlement that may be "judicially sanctioned." *Roberson v. Giuliani,* 346 F.3d 75, 79–80 (2d Cir.2003) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.,* 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001)).

To assess the reasonable attorney fee to be awarded to a prevailing party in FLSA suits, Courts must use the "lodestar method". *Strong v. Bellsouth Telecomm., Inc.,* 137 F.3d 844, 850 (5th Cir.1998). The district court must first determine the reasonable number of hours expended on the litigation and the reasonable hourly rate for the participating attorney. *Id.* The lodestar is then computed by multiplying the number of hours reasonably expended by the reasonable hourly rate. *Id.* The party seeking attorneys' fees bears the initial burden of submitting adequate documentation of the hours

reasonably expended and of the attorneys' qualification and skill. *See Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). After calculating the lodestar, the court must consider whether to adjust the fee upward or downward. The most important factor to consider is the results obtained. If the success is limited, the lodestar should be reduced to reflect that. But the fee award should not be simply proportionate to the result obtained. *Andrews v. United States,* 122 F.3d 1367, 1376 (11th Cir.1997). *Prater v. Commerce Equities Mgmt. Co., Inc.*, 2008 WL 5140045, at *2–3 (S.D.Tex.,2008)

The Plaintiffs are hereby ORDERED to supplement the record with evidence from which the Court may make the lodestar analysis.

## II.   Motion to Seal the Settlement Agreement

The proposed settlement agreement contains a confidentiality provision.[2] The proposed settlement agreement may remain sealed only if the Parties' interest in the confidentiality of the settlement amounts outweighs the public's common-law right of access to judicial records.

Courts do not typically examine or approve settlement agreements, which are purely private contracts. However, the FLSA requires judicial oversight and approval of settlements thus becoming part of the judicial record.[3]

Although not absolute, "the public has a common law right to inspect and copy judicial records".[4] "Every court has supervisory power over its own records and files, and

---

[2] Rec. Doc. 59 (sealed).
[3] *Jessup v. Luther,* 277 F.3d 926 (7th Cir.2002) (noting that when a settlement is entered into the court's file under seal it becomes part of the judicial record); *Boone v. City of Suffolk,* 79 F.Supp.2d 603 (E.D.Va.1999) (treating FLSA settlement approved by court as judicial record).
[4] *SEC v. Van Waeyenberghe,* 990 F.2d 845, 848 (5th Cir.1993) (citing *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978)).

access has been denied where court files might have become a vehicle for improper purposes."[5] In some cases, such as those involving "trade secrets, the identity of informants, and the privacy of children,"[6] or those in which information could be used for "scandalous or libelous purposes,"[7] the interest in secrecy is compelling. However, "the district court's discretion to seal the record of judicial proceedings is to be exercised charily."[8] The presumption that judicial records are open to the public is based on the nature of democracy and the "citizen's desire to keep a watchful eye on the workings of public agencies."[9] A judge is "the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal" and must not simply "rubber stamp a stipulation to seal the record."[10]

The Parties are hereby ORDERED to brief good cause for the sealing of the Settlement Agreement and for maintaining the Seal over the other Record Documents previously filed under seal.

---

[5] *Id.*
[6] *Jessup,* 277 F.3d at 928,
[7] *Hagestad v. Tragesser,* 49 F.3d 1430, 1434 (9th Cir.1995).
[8] *Van Waeyenberghe,* 990 F.2d at 848 (quoting *Federal Savings & Loan Ins. Corp. v. Blain,* 808 F.2d 395, 399 (5th Cir.1987).
[9] *Nixon,* 435 U.S. at 598, 98 S.Ct. at 1306.
[10] *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.,* 178 F.3d 943, 945 (7th Cir.1999); *Prater v. Commerce Equities Mgmt. Co., Inc.*, 2008 WL 5140045, at *9 (S.D.Tex.,2008).

### III.     Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiff's brief and file evidence that will aid the Court in making the lodestar determination of reasonable attorney's fees within thirty (30) days of this *Order*; and

**IT IS FURTHER ORDERED** that the Parties jointly brief, within thirty (30) days of this *Order*, why the record documents previously filed under seal should be maintained under seal and why the proposed settlement agreement should be filed and maintained under seal.

Signed in Baton Rouge, Louisiana on June 7, 2021.

_Shelly D. Dick_
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**