## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

JAMES PATRICK WAGNER, Individually
and for Others Similarly Situated

CIVIL ACTION

VERSUS

19-822-SDD-EWD

PLEXOS GROUP, LLC

## ORDER

Before the Court is the *Motion for Reconsideration*[1] filed by Plaintiff James Patrick Wagner and the opt-in Plaintiffs (collectively "Plaintiffs"), seeking reconsideration of this Court's August 12, 2022, *Order*[2] denying Plaintiffs' *Motion for Settlement Approval*.[3] The *Motion* is unopposed by Defendant Plexos Group, LLC ("Plexos"). For the following reasons, the *Motion* is denied.

The Parties sought court approval of a settlement agreement ("the Agreement") reached in this FLSA case. Regarding attorney compensation, the Agreement provided that "Class Counsel shall receive attorneys' fees in an amount of $146,000.00, which is approximately 40 percent of the Gross Settlement Amount."[4] The Court denied approval, finding that the award of attorney's fees was unreasonable. Plaintiffs moved for reconsideration, arguing that judicial approval of FLSA settlements under 29 U.S.C. does not extend to review of settled attorney fees.

The Court stayed proceedings, pending the Fifth Circuit's ruling on a case with similar issues.[5] However, the Fifth Circuit decided the case on other grounds and did not

---

[1] R. Doc. 75.
[2] R. Doc. 66.
[3] R. Doc. 60.
[4] R. Doc. 59, p. 4.
[5] *See Valdez v. Superior Energy Servs., Inc.*, No. 20-40182, 2022 WL 1184371 (5th Cir. Apr. 21, 2022).

address whether the FLSA allows a court on its own motion to address separately settled attorney's fees.[6] The Court lifted the stay on July 12, 2022. Through the instant *Motion*, Plaintiffs again urge the Court to reconsider its previous decision and approve the Agreement and settled attorney's fees.

"District courts have considerable discretion in deciding whether to reconsider an interlocutory order."[7] However, "this broad discretion must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays."[8] "There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice."[9]

Plaintiffs argue that reconsideration is appropriate to prevent manifest injustice because, absent an approved settlement, Plexos has communicated its intent to move to decertify the collective.[10] Plaintiffs contend that "[i]f the court does not reconsider its Order, Plaintiffs will likely incur substantial expense defending against a motion for decertification and potentially a motion for summary judgment."[11]

At no point, however, has Plexos indicated that it is unwilling to accept a modified settlement agreement with the Court's proposed reduction in attorney's fees. In fact, Plexos has expressly stated that it "remains interested and committed to resolving this dispute in good faith, and will settle on the terms Judge Dick set forth in her August 12,

---

[6] *Id.* (affirming denial of attorney's fees because "[e]ven if the district court erroneously concluded that it needed to approve the settlement in all respects before dismissing the case, that error would not give [appellant's] attorney license to ignore the order").
[7] *Wagster v. Gautreaux*, 2014 WL 46638, at *2 (M.D. La. Jan. 6, 2014).
[8] *Id.*
[9] *Id.*
[10] *See* R. Doc. 78-1.
[11] R. Doc. 74, p. 4.

2021 order."[12] By all accounts, whether this case moves forward depends solely on the fee award. The proposed *Settlement Agreement* specifies a gross settlement amount of $365,000.00.[13] The Court will approve a Settlement in the gross amount of $365,000.00 agreed upon by the parties. To be clear, the Court's reduction of the amount of attorney's fees is not intended to and should not be understood by the parties as a reduction in the gross settlement amount. In short, the reduction in the fee award inures to the benefit of the Plaintiffs, not the Defendant.

Plaintiffs also point to intervening law, arguing that, since the Court's August 2021 *Ruling*, "several courts have noted that review of an FLSA settlement does not extend to the issue of attorney's fees when the parties have separately resolved that issue and none of the parties have requested review."[14] However, this new legal authority is thin at best. First, Plaintiffs use an "e.g." signal and cite only a single case, *Wagaman v. E-Z Stop Food Marts, Inc.*, in the Eastern District of Tennessee.[15] Second, *Wagaman* is inapposite to the facts of this case. There, the court questioned whether the FLSA requires courts to independently review the settled amount of attorney's fees when the parties "negotiated fees separately from Plaintiff's damages claims, and the amount for attorney's fees *did not affect* the amount to be paid to Plaintiff."[16] Contrary to Plaintiffs' argument, *Wagaman* suggests that judicial scrutiny would apply to contingency fees that affect an FLSA plaintiff's overall award, which is the case here.

Plaintiffs also cite *Barbee v. Big River Steel*, an Eighth Circuit case from before the

---

[12] R. Doc. 78-1, p. 3.
[13] R. Doc. 59
[14] R. Doc. 75, p. 4.
[15] *Wagaman v. E-Z Stop Food Marts, Inc.*
[16] *Id.* (internal quotation marks omitted) (emphasis added).

August 2021 *Ruling*, for the proposition that "authority for judicial approval of FLSA settlements . . . does not extend to review of settled attorney fees[.]"[17] However, like *Wagaman, Barbee* suggests a more nuanced approach:

> This reading of the statute is consistent with the rationale of the circuits that require approval for all FLSA settlements because such approval serves the 'FLSA's underlying purpose' of protecting workers' rights." When the parties negotiate the reasonable fee amount separately and without regard to the plaintiff's FLSA claim, the amount the employer pays to the employees' counsel has no bearing on whether the employer has adequately paid its employees in a settlement.[18]

Again, this reasoning undercuts the notion that continency fees in FLSA cases are immune from judicial scrutiny. By taking a piece of the pie, a contingency fee directly affects the employee's recovery and thus "whether the employer has adequately paid its employees."[19] An unreasonably large contingency fee could detrimentally impact the "FLSA's underlying purpose" of protecting workers rights.[20]

In any case, even if *Barbee* does shield contingency fees in FLSA cases from judicial review, the Court declines to follow it. As Plaintiffs acknowledge, the FLSA's minimum-wage, maximum-hour, and overtime guarantees "cannot be modified through contract."[21] Judicial oversight is appropriate to ensure that a settlement agreement is "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching."[22] This protection would be meaningless if Plaintiffs could simply bargain away FLSA guarantees to their own attorneys in the

---

[17] 927 F.3d 1024, 1027 (8th Cir. 2019).
[18] *Id.* (citations omitted).
[19] *See id.*
[20] *See id.*
[21] *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013).
[22] *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Lab., Emp. Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1354 (11th Cir. 1982).

absence of judicial guardrails. Even attorneys with the best intentions will find that they possess vastly more bargaining power than FLSA plaintiffs who are desperate to recover a fraction of the minimum wages they are owed. Contingency fees directly impact the Plaintiff's recovery and thus fall within the scope of review required by the FSLA. No Court within the Fifth Circuit has held otherwise, and for the reasons discussed herein, this Court will not be the first to do so.

**IT IS HEREBY ORDERED** that Plaintiffs' *Motion for Reconsideration*[23] is DENIED.

Signed in Baton Rouge, Louisiana the 17th day of November, 2022.


**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[23] R. Doc. 75.